# Exhibit A

IN THE CIRCUIT COURT OF JACKSON COUNTY
STATE OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| JON C. HANSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | Division |
| RELIANCE LITIGATION, LLC, ) | |
| ) | **Jury Trial Demanded** |
| Serve Registered agent at: ) | |
| 5500 Balboa Boulevard, ) | |
| Encino, California 91316 ) | |
| ) | |
| Defendant. ) | |

## PETITION

COMES NOW Plaintiff Jon C. Hanson and for his Petition against Defendant Reliance Litigation, LLC, states:

### BACKGROUND, PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jon C. Hanson ("Hanson") brings this case against Defendant Reliance Litigation, LLC ("Reliance Litigation" or "Defendant") to protect his privacy rights, namely the right to be left alone from unwanted telemarketing phone calls.

2. Mr. Hanson is a retired member of the United States Air Force, in which he served nearly twenty-four years. Hanson was deployed nearly a dozen times overseas and proudly fought for our country.

3. Mr. Hanson is now fighting a different battle – getting telemarketers like Reliance Litigation to stop incessantly calling his phone numbers despite his phone numbers being registered on the National Do-Not-Call Registry and the Missouri No-Call List.

4. Defendant incessantly placed telemarketing calls to Mr. Hanson despite: (1) not having the appropriate form of consent to call Mr. Hanson (2) Mr. Hanson's phone number being registered on the National Do-Not-Call Registry; and, (3) Mr. Hanson's phone number being registered on the Missouri No-Call List.

5. Fortunately for Mr. Hanson, Congress enacted the Telephone Consumer Protection Act ("TCPA") in the early 1990s to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

6. The TCPA provides protections for persons like Mr. Hanson who receive telemarketing calls after having registered his phone number on the National Do-Not-Call Registry.

7. The Missouri legislature acted similarly. Specifically, Missouri provides protections for persons, who, like Mr. Hanson, register their phone numbers on the Missouri No-Call List, and continue to receive unwanted telemarketing calls.

8. From January through August 2023 alone, approximately 37.9 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited Sept. 26, 2023). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

9. Mr. Hanson is an individual who at all times material to this Petition resided in Jackson County, Missouri and was a citizen of the State of Missouri.

10. Mr. Hanson is the owner of cell phones. The phone numbers associated with his cell phones are 580-XXX-5594 and 913-XXX-2782.

11. Mr. Hanson received many of the calls at issue while he was residing in Missouri.

12. The cell phone accounts associated with these numbers are held in Mr. Hanson's personal name.

13. Mr. Hanson uses these phones primarily for personal and household purposes, including communicating with friends and family members.

14. Defendant is a California Limited Liability Company with its principle place in Encino, California. Defendant has been in good standing to transact business at all times relevant to this Petition.

15. Defendant transacts business throughout the United States, including in Missouri.

16. Defendant's business model is to attempt to get leads for potential cases for law firms, including, but not limited to, mass tort cases, and then to funnel those leads to law firms in exchange for a fee per lead.

17. Defendant's website states that it does all "marketing, client intake and contract delivery in-house."

18. Defendant's website states that it helps "law firms capitalize on opportunities, rapidly grow dockets and optimize their investments."

19. Defendant's LinkedIn page states that Defendant is a "full-service marketing agency dedicated to getting leads and turning leads into clients for the legal industry."

20. Defendant's LinkedIn page states that Defendant specializes in marketing multiple

areas, including, "mass tort" and that it provides "marketing services" related to mass torts.

21. Defendant markets its products and services, in part, through telemarketing.

22. Indeed, Defendant's website formerly stated that it is a "marketing agency with its own call center."

**Defendant's Incessant Telemarketing Calls**

23. To avoid receiving unwanted telemarketing calls, Mr. Hanson registered his phone 580 number on the National Do-Not-Call Registry on February 28, 2010 and registered his 913 number on July 2, 2005.

24. To avoid receiving unwanted telemarketing calls while residing in Missouri, Mr. Hanson registered his phone on the Missouri No-Call List on October 1, 2022.

25. Beginning on July 17, 2023, and continuing through at least September 11, 2023 Defendant placed at least 98 calls to Mr. Hanson's phones despite his phone numbers being registered on the National Do-Not-Call Registry and the Missouri No Call List.

26. Ms. Hanson never provided prior express written consent or any form of written consent to Defendant to contact him on his phone.

27. Mr. Hanson never had a prior existing business relationship with Defendant before receiving the incessant and unwanted calls described below.

28. On information and belief, Defendant placed calls to Mr. Hanson on December 14, 2022.

29. On information and belief, Defendant placed calls or texts to Mr. Hanson on the following days in 2023: July 17, 18 (six times), 19 (two times), 20 (seven times), 21 (four times), 24, 25 (six times); August 1, 2, 4, 7 (four times), 9 (three times), 10 (five times), 11 (four times), 14 (six times), 16 (four times), 17, 18 (six times), 21 (eight times), 22 (three times), 23 (four times),

4

24 (four times), 25 (two times), 28 (two times), 30 (two times), 31 (four times); September 1 (two times), 8 (three times) and 11.

30. Mr. Hanson answered various questions of Defendant's representatives who were calling to learn who was calling him for the purpose of being able to stop the incessant and annoying calls.

31. Mr. Hanson concealed his identity from these callers as he did not know who was calling and did not want to provide any personally identifying information to unknown telemarketers such as Defendant.

32. During these litany of calls, Defendant's telemarketers attempted to get Mr. Hanson to sign up to be part of mass tort cases, including the Camp Lejeune and Round Up cases.

33. During these calls, the callers often identified themselves as "Reliance Litigation" and attempted to get Mr. Hanson to sign up for Camp Lejeune and Round Up cases.

34. Defendant knew or had reason to know Mr. Hanson's phone numbers was registered on the National Do-Not-Call Registry and the Missouri No-Call List, yet incessantly called him.

35. The phone calls Defendant placed to Mr. Hanson were harassing, irritating, invasive and annoying.

36. Defendant's phone calls invaded Mr. Hanson's right to privacy, namely the right to be left alone from unwanted telemarketing calls.

37. Defendant's phone calls caused Mr. Hanson to waste time addressing and/or responding to the unwanted calls.

## Count I - Violations of the TCPA, 47 U.S.C. § 227(c) *et seq.*
### (National Do-Not-Call Registry Violations)

38. Mr. Hanson incorporates the allegations of the previous paragraphs as if fully stated in this Count.

39. Section 227(c)(5) of the TCPA and its accompanying regulation, 47 C.F.R. § 64.1200(c)(2), prohibit telemarketing calls to residential telephone subscribers who have registered their phone numbers on the National Do-Not-Call Registry.

40. The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do-Not-Call Registry to receive more than one call on their phone "within any 12-month period by or on behalf of the same entity" after the phone number has been on the Registry for more than 30 days. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(ii).

41. The penalty for each call placed in violation of the TCPA's restrictions on calling phone numbers registered on the National Do Not Call Registry is up to $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. § 227(c)(5).

42. Defendant knew or should have known that Mr. Hanson's phone number was registered on the National Do-Not-Call Registry but called him anyway.

43. Ms. Rawlins is entitled to up to $500 per violation of Section 227(c) of the TCPA (National Do-Not-Call Registry violations only) for each of the at least 98 calls, and up to $1,500.00 for every violation determined to be willful.

WHEREFORE Plaintiff Jon C. Hanson requests the Court enter judgment against Defendant Reliance Litigation, LLC, for up to $500 for each of its at least 98 violations and up to $1,500.00 for each violation of Section 227(c) (National Do-Not-Call Registry violations only) of the TCPA determined to be willful, for any applicable pre- or post-judgment interest, for his Court costs and for all other relief that this Court deems just and proper.

Electronically Filed - JACKSON - KANSAS CITY - September 27, 2023 - 10:02 PM

## Count II - Violations of Missouri's No-Call Law, Mo. Rev. Stat. § 407.1098 *et seq.*

44. Mr. Hanson incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

45. Section 407.1098 of Missouri's No-Call Law provides that "no person or entity shall make or cause to be made any telephone solicitation to any residential subscriber in this state" who has registered their phone number on Missouri's No-Call List. Mo. Rev. Stat. § 407.1098.

46. Defendant's at least 98 calls to Mr. Hanson were "telephone solicitations" because the calls were placed for the purpose of encouraging Mr. Hanson to obtain Defendant's products or services. Mo. Rev. Stat. § 407.1095(2).

47. Mr. Hanson is a "residential subscriber" because he uses his cell phone primarily for personal or familial purposes. Mo. Rev. Stat. § 407.1095(3).

48. Defendant knew or had reason to know Mr. Hanson's phone number was registered on Missouri's No-Call List, yet Defendant continued to call him.

49. The penalty for calling a person whose phone number is registered on Missouri's No-Call List is up to $5,000.00 for each violation of Missouri's No-Call Law. Mo. Rev. Stat. § 407.1107.3.

50. Mr. Hanson is entitled to up to $5,000 for each of the at least 98 violations of Missouri's No-Call Law that was committed by Defendant.

WHEREFORE Plaintiff Jon C. Hanson requests the Court enter judgment against Defendant Reliance Litigation, LLC for up to $5,000 for each of its at least 98 violations of Missouri's No-Call Law, for any applicable pre- or post-judgment interest, for his Court costs and for all other relief that this Court deems just and proper.

Electronically Filed - JACKSON - KANSAS CITY - September 27, 2023 - 10:02 PM

**BUTSCH ROBERTS & ASSOCIATES LLC**

By:/s/ *Christopher E. Roberts*
Christopher E. Roberts #61895
David T. Butsch #37539
7777 Bonhomme Avenue, Suite 1300
Clayton, MO 63105
Telephone: (314) 863-5700
croberts@butschroberts.com
dbutsch@butschroberts.com

*Attorneys for Plaintiff*



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: JAMES DALE YOUNGS | Case Number: 2316-CV25580 |
|---|---|
| Plaintiff/Petitioner: JON C HANSON | Plaintiff's/Petitioner's Attorney/Address: CHRISTOPHER ELISHA ROBERTS 231 S BEMISTON AVE SUITE 260 CLAYTON, MO 63105 |
| vs. | |
| Defendant/Respondent: RELIANCE LITIGATION, LLC | Court Address: 415 E 12th KANSAS CITY, MO 64106 |
| Nature of Suit: CC Other Tort | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: RELIANCE LITIGATION, LLC
Alias:

5500 BALBOA BOULEVARD
ENCINO, CA 91316

**PRIVATE PROCESS SERVER**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

COURT SEAL OF JACKSON COUNTY

16-NOV-2023
Date _____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _PROCESS SERVER_ of _LOS ANGELES_ County, _CA._ (state).
3. I have served the above summons by: (check one)
   - [x] delivering a copy of the summons and petition to the Defendant/Respondent. _CA._
   - [ ] leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   - [x] (for service on a corporation) delivering a copy of the summons and petition to _MARK KIM_ (name) _Authorized Person to Accept_ (title) _Service_
   - [ ] other

Served at _5500 Balboa Blvd._ (address)
in _ENCINO_ County _LOS ANGELES_ (state), on _11.21.23_ (date) at _2:25 P.M._ (time).

_HOMAYON TAGHAVI_         _Homayon Tagl_
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Subscribed and sworn to me before this _28_ (day) _November_ (month) _2023_ (year)

I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths. (use for court-appointed server)

_Toni Rena R. Notary Public, see attached_
Signature and Title

(Seal)

**Service Fees, if applicable**
Summons    $ _75_
Non Est    $ _15.00_ NOTARY
Mileage    $ _90_ ( _____ miles @ $ _____ per mile)
Total      $ _90_

See the following page for directions to officer making return on service of summons.

**CALIFORNIA JURAT**  GOVERNMENT CODE § 8202

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this **28** day of **November**, 20**23**, by

(1) Homayon Taghavi

(and (2) _____ ),
Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
Signature of Notary Public

JOSE REYES RIVERA
Notary Public - California
Los Angeles County
Commission # 2438765
My Comm. Expires Feb 19, 2027

Place Notary Seal and/or Stamp Above

——— OPTIONAL ———

Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**

Title or Type of Document: Summons for Personal Service Outside of the State of Missouri

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

©2019 National Notary Association