UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

JON C. HANSON.     )
                   )
    PLAINTIFF,     )
                   )
v.                 )    Case No. 4:23-cv-00934-BP
                   )
RELIANCE LITIGATION, LLC,  )
                   )
    DEFENDANT.     )
                   )

## DEFENDANT RELIANCE LITIGATION, LLC'S ANSWE3R TO COMPLAINT

Defendant Reliance Litigation, LLC ( "Defendant" or "Reliance"), answers Plaintiff Jon C. Hanson's ("Plaintiff") complaint filed September 27, 2023 ("Complaint"), and responds to each of Plaintiff's numbered allegations as follows, and denies all allegations except as expressly stated below. Defendant uses the headings below solely for ease of reference, and does not admit, and instead denies, any factual allegations contained in the headings.

## BACKGROUND, PARTIES, JURISDICTION AND VENUE

1. Reliance is named in the Complaint filed by Plaintiff. The Complaint speaks for itself. Except as expressly stated, Reliance denies each and every allegation of this Paragraph.

2. In response to Paragraph 2, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

3. In response to Paragraph 3, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

4. Reliance is informed and believes that the phone number (580) xxx-5594 is on the Federal Do Not Call list. Except as expressly stated, Reliance denies each and every allegation of this Paragraph.

5. In response to Paragraph 5, Reliance states that this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Reliance avers that the Telephone Consumer Protection Act speaks for itself. Reliance denies each and every remaining allegation of this Paragraph.

6. In response to Paragraph 6, Reliance states that this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Reliance avers that the Telephone Consumer Protection Act speaks for itself. Reliance is informed and believes that the phone number (580) xxx-5594 is on the Federal Do Not Call list. Reliance denies each and every remaining allegation of this Paragraph.

7. In response to Paragraph 7, Reliance states that this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

8. In response to Paragraph 8, Reliance states that this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

9. In response to Paragraph 9, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

10. In response to Paragraph 10, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

11. In response to Paragraph 11, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

12. In response to Paragraph 12, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

13. In response to Paragraph 13, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

14. In response to Paragraph 14, Reliance admits that it is a California limited liability company, with its principal place of business in Encino, California. Except as expressly provided, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

15. In response to Paragraph 15, Reliance admits that it conducts business in numerous states throughout the United States, including Missouri. Except as expressly provided, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

16. In response to Paragraph 16, Reliance avers that it is a technology, marketing and intake service provider company. Reliance avers that it charges fees for its services. Except as expressly provided, Reliance denies the remaining allegations.

17. In response to Paragraph 17, Reliance avers that its current website says "We Do It All," "Marketing," "Client Intake," "Contract Delivery," "Integration," and "In-House." Except as expressly provided, Reliance denies the remaining allegations.

18. In response to Paragraph 18, Reliance avers that its current website says "We Help Law Firms Capitalize On Opportunities, Rapidly Grow Dockets, and Optimize Their Investments." Except as expressly provided, Reliance denies the remaining allegations.

19. In response to Paragraph 19, Reliance avers that its current LinkedIn profile says "Full-service marketing agency dedicated to getting leads and turning leads into clients for the legal industry!" Except as expressly provided, Reliance denies the remaining allegations.

20. In response to Paragraph 20, Reliance avers that its current LinkedIn profile says "Reliance Litigation is a full-service, vertically-integrated legal marketing company that utilizes cutting-edge technology to deliver clients to law firms. We specialize in:

21. In response to Paragraph 21, Reliance avers that it makes outbounds calls as part of its business practices. Except as expressly provided, Reliance states that this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Reliance denies the remaining allegations.

22. In response to Paragraph 22, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

I. **Defendant's Incessant Telemarketing Calls**

23. In response to Paragraph 23, Reliance avers that it is informed and believes that the phone number (580) xxx-5594 is on the Federal Do Not Call list. Except as expressly provided, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

24. In response to Paragraph 24, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

25. Reliance denies each and every allegation contained in Paragraph 25.

26. In response to Paragraph 26, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

27. In response to Paragraph 27, Reliance states that this Paragraph contains legal conclusions that do not require a response. To the extent a response is required, Reliance denies each and every allegation contained in Paragraph 27.

28. Reliance denies each and every allegation contained in Paragraph 28.

29. Reliance denies each and every allegation contained in Paragraph 29.

30. Reliance denies each and every allegation contained in Paragraph 30.

31. In response to Paragraph 31, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

32. Reliance denies each and every allegation contained in Paragraph 32.

33. In response to Paragraph 33, Reliance lacks information or belief sufficient to answer the allegations in this Paragraph and on that ground denies them.

34. In response to Paragraph 34, Reliance avers that it is informed and believes that the phone number (580) xxx-5594 is on the Federal Do Not Call list. Except as expressly provided, Reliance denies each and every remaining allegation.

35. Reliance denies each and every allegation contained in Paragraph 35.

36. Reliance denies each and every allegation contained in Paragraph 36.

37. Reliance denies each and every allegation contained in Paragraph 37.

## II. Count I – Violations of the TCPA, 47 U.S.C. § 227(c), *et seq.* (National Do-Not-Call-Registry Violations)

38. In response to Paragraph 38, Reliance re-alleges and incorporates each and every Paragraph above as though fully set forth herein.

39. In response to Paragraph 39, Reliance avers that the allegations in Paragraph contain legal conclusions that do not require a response. The TCPA speaks for itself. To the extent a response is required, Reliance is without sufficient knowledge or information and on that basis denies each and every allegation of this Paragraph.

40. In response to Paragraph 40, Reliance avers that the allegations in Paragraph contain legal conclusions that do not require a response. The TCPA speaks for itself. To the extent a response is required, Reliance is without sufficient knowledge or information and on that basis denies each and every allegation of this Paragraph.

41. In response to Paragraph 41, Reliance avers that the allegations in Paragraph contain legal conclusions that do not require a response. The TCPA speaks for itself. To the extent a response is required, Reliance is without sufficient knowledge or information and on that basis denies each and every allegation of this Paragraph.

42. In response to Paragraph 42, Reliance avers that it is informed and believes that the phone number (580) xxx-5594 is on the Federal Do Not Call list. Except as expressly provided, Reliance denies each and every remaining allegation.

43. Reliance denies each and every allegation contained in Paragraph 43.

## III. Count II – Violations of Missouri's No-Call Law, Mo. Rev. Stat. § 407.1098 *et seq.*

44. In response to Paragraph 44, Reliance re-alleges and incorporates each and every Paragraph above as though fully set forth herein.

45. In response to Paragraph 45, Reliance avers that the allegations in Paragraph contain legal conclusions that do not require a response. The Missouri No-Call Law speaks for itself. To the extent a response is required, Reliance is without sufficient knowledge or information and on that basis denies each and every allegation of this Paragraph.

46. Reliance denies each and every allegation contained in Paragraph 46.

47. Reliance lacks information or belief and on that basis denies each and every allegation in Paragraph 47.

48. Reliance denies each and every allegation contained in Paragraph 48.

49. In response to Paragraph 49, Reliance avers that the allegations in Paragraph contain legal conclusions that do not require a response. The Missouri No-Call Law speaks for itself. To the extent a response is required, Reliance is without sufficient knowledge or information and on that basis denies each and every allegation of this Paragraph.

50. Reliance denies each and every allegation contained in Paragraph 50.

## AFFIRMATIVE DEFENSES

51. Without taking on the burden of proof where it belongs to Plaintiff, as further, separate, and affirmative defenses to the Complaint, Reliance alleges:

### FIRST AFFIRMATIVE DEFENSE
### (Consent)

52. Any and all activities of Reliance alleged in the Complaint were conducted with consent, express and implied, of Plaintiff, the owner(s)/subscriber(s) or the regular user(s) of the subject telephone number(s), and/or other parties, persons, and entities, and Reliance is therefore free from actionable fault.

### SECOND AFFIRMATIVE DEFENSE
### (Systems and Equipment are Not an ATDS)

53. The telephone systems, equipment, and contact methods at issue in the Complaint do not meet the criteria to constitute an automatic telephone dialing system ("ATDS").

### THIRD AFFIRMATIVE DEFENSE
### (No Use of ATDS)

54. Even if the systems, equipment and contact methods alleged in the Complaint met the statutory definition of an ATDS, which Reliance denies, Reliance did not make any calls to Plaintiff using an ATDS.

### FOURTH AFFIRMATIVE DEFENSE
### (No Calls)

55. Plaintiff's claims are barred because Reliance (including an representatives or agents) did not make or place any calls to Plaintiff on the following telephone numbers: (580) xxx-5594 and (913) XXX-2782.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

56. Plaintiff's claims against Reliance are barred by the doctrine of waiver. By acting in a manner inconsistent with their objections and/or claims, and by failing to timely notify Reliance of their objections and/or claims, Plaintiff waived any claim.

### SIXTH AFFIRMATIVE DEFENSE
### (Compliance with Governing Law)

57. Reliance's compliance with statutes, rules, and regulations, including, but not limited to those set forth in 47 C.F.R. § 64.1200 precludes its liability to Plaintiff. Further, due to Reliance's compliance with law and with applicable regulations and decisions by the Federal Communications Commission, Reliance's alleged conduct is exempt and not actionable under the TCPA or Missouri law.

### SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

58. Plaintiff's Complaint and each claim for relief therein is barred because Reliance acted in good faith and Reliance's conduct is and was privileged or justified, and Reliance acted without malice. Thus, to the extent there was any statutory or common law violation, which Reliance denies, such violation(s) were not knowing and willful.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Actual Damages)

59. Reliance is informed and believes that Plaintiff has not sustained any actual damages as a result of the alleged contacts at issue in this action.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Article III Standing)

60. Plaintiff lacks Article III standing to assert his claims. Among other things, Plaintiff has failed to allege and cannot prove that he suffered a concrete and particularized injury in fact as a result of the contacts for which he seeks a recovery under the TCPA and Missouri law. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

## TENTH AFFIRMATIVE DEFENSE
### (Responsibility of Plaintiff or Third Parties)

61. On information and belief, persons other than Reliance have caused or contributed to the harms alleged. Such persons may be impersonating Reliance. Such persons may cause telephone calls to ring through to numbers unknown to Reliance or which Reliance never intended to contact.

62. Any injury or damage to Plaintiff was a result of the intentional, negligent, or otherwise wrongful acts of Plaintiff (by making inbound calls and requesting information), and/or third parties, and any claims against Reliance should be reduced in proportion to the faults of those persons.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Reasonable Reliance)

63. To the extent there were any contacts to Plaintiff, Defendant was entitled to rely and at all times reasonably relied upon the consent, express and implied, of its customers, inquirers, the owners/subscribers or the regular users of the subject phones and/or other parties, persons, and entities to such contacts, and Defendant is therefore free from actionable fault.

## TWELFTH AFFIRMATIVE DEFENSE
### (Ratification)

64. The claims of Plaintiff are barred, in whole or in part, by the doctrine of ratification and because Plaintiff acquiesced to and ratified any conduct engaged in by Reliance.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

65. Any statutory or common law violations, which Reliance denies, were not intentional and resulted, if at all, from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such errors.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

66. The TCPA, and the corresponding Missouri state law, violate the First Amendment to the United States Constitution because it is an unconstitutional regulation of free speech. *See Martin v. City of Struthers, Ohio*, 319 U.S. 141 (1943); *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Excess Fines)

67. The award of statutory penalties against Reliance would violate the prohibition against excessive fines of the United States Constitution. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (quotation omitted)). In the context of Plaintiff's and purported class members' TCPA claims, the violation at issue—allegedly "making" a call to a cell phone that may or not have been connected, received or answered—causes de minimis or no actual harm. Imposition of a $500.00 or $1,500.00 per call penalty is plainly excessive in this context and—taken in the aggregate—may result in potential damages that are not proportional to the conduct alleged.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

68. The imposition of statutory damages and/or punitive damages against Reliance would violate the Due Process provision of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law." *E.g., BMW of North America, Inc. v. Gore*, 517 US 559,

562 (1996); *TXO Production Corp. v. Alliance Resources Corp.*, 509 U. S. 443, 453, 454 (1993). The TCPA affords discretion to award up to $1,500.00 "per violation." Yet, the violation at issue—allegedly "making" a call to a cell phone that may or not have been connected, received or answered—causes de minimis or no actual harm. Hence, imposition of the discretionary punitive damage element built into the TCPA and corresponding Missouri state law would violate the *BMW* proportionality as to Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE
**(Maintenance of Reasonable Policies and Procedures)**

69. Under any applicable statutes, including the TCPA, if there were a violation by Reliance, which Reliance denies, it was unintentional and resulted despite maintenance of reasonable policies and procedures adopted to avoid any such violation and, therefore, was not willful or knowing.

### EIGHTEENTH AFFIRMATIVE DEFENSE
**(Unknown Affirmative Defenses)**

70. Reliance presently has insufficient knowledge and information on which to form a belief as to whether it has additional, but as yet unstated, affirmative defenses available to it, and reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

### RELIANCE'S PRAYER FOR RELIEF

WHEREFORE, Reliance prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing against Reliance by his Complaint and that the Complaint be dismissed with prejudice;

2. That all costs of suit, including reasonable attorneys' fees, be awarded to Reliance;

3. That judgment be entered in favor of Reliance; and

4. That this Court award such further relief as it deems just and proper.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Reliance demands trial by a jury.

Dated: January 12, 2024                                  Respectfully submitted,

/s/ Christopher C. Miles
Christopher C. Miles, Mo. Bar. #63654
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112-2551
Phone: (816) 983-8000
Fax: (816) 983-8080
christopher.miles@huschblackwell.com

*Counsel for Reliance Litigation, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of January, 2024, a true and correct copy of the above and foregoing was served via the Court's e-Filing System and by sending a copy of the same via electronic mail to the following Plaintiff's counsel of record:

Christopher E. Roberts # 61895MO
David T. Butsch # 37539MO
BUTSCH-ROBERTS & ASSOCIATES LLC
7777 Bonhomme Avenue, Suite 1300
Clayton, MO 63105
T: 314.863.5700
croberts@butschroberts.com
dbutsch@butschroberts.com

*Counsel for Plaintiff Jon C. Hanson*

                                                         /s/ Christopher C. Miles